IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROSIE GIVHAN,

    Plaintiff,

vs.                                                                                  No.: 2:13-cv-2224-JTF-cgc

REGIONAL MEDICAL CENTER,

    Defendant.

### REPORT AND RECOMENDATION

Before the Court, by way of Order of Reference (D.E. # 3) is the Motion to Dismiss filed by Defendant Regional Medical Center (D.E. # 11) filed on November 22, 2013. Pursuant to Local Rule 12.1, the opposing party shall file a response within twenty-eight (28) days after service of the motion. Plaintiff has failed to file a response to the motion.

On January 7, 2014, the undersigned entered an order directing Plaintiff to show cause within fourteen days as to why the Court should not issue a Report and Recommendation that the instant motion be granted. To date, no response to the motion or to the Order to Show Cause has been filed by Plaintiff.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure

to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*. It is recommended that the first factor is met as it is the Plaintiff's fault for not prosecuting her case. There has been no activity by Plaintiff since the matter was filed in April 2013. Other than the expense of monitoring the case, there is no indication of prejudice to the Defendant. As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiffs. The Motion to Dismiss and Order to Show Cause made it clear that dismissal the case was under consideration by the Court. Plaintiff had an opportunity to respond to the Motion and the Order to Show Cause and possibly avoid dismissal. Plaintiff has ignored the Court's orders and has failed to participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, the Court RECOMMENDS that Plaintiffs' Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and that the Motion to Dismiss be DENIED as MOOT.

Signed this 6th day of February, 2014.

                                            s/ Charmiane G. Claxton
                                            CHARMIANE G. CLAXTON
                                            UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**